***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications.
 ***********
Based upon the evidence of record, the Full Commission adopts in part and modifies in part the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the alleged injury by accident giving rise hereto the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the alleged injury by accident an employment relationship existed between plaintiff and employer-defendant.
3. Plaintiff was fifty-eight (58) years old at the time of the deputy commissioner hearing and was last employed with Carolina Tire Company as a tire tech on April 11, 1994. Following his employment with Carolina Tire, plaintiff was employed by Sears in their auto center. Plaintiff completed the ninth grade and attended several mechanics and body shops courses thereafter, eventually becoming a certified mechanic specializing in auto bodywork.
4. Plaintiff testified that he suffered heat exhaustion on August 17, 1993 while working for the defendant-employer and presented to the High Point Regional Hospital Emergency Room that evening for treatment. Plaintiff did not provide medical records or bills from that visit, nor did he provide any medical information related to his alleged heat exhaustion.
5. Plaintiff did not miss any time from work as a result of his alleged heat exhaustion. Plaintiff was terminated from his position with Carolina Tire Company on April 11, 1994 for reasons unrelated to his heat exhaustion.
6. Plaintiff allegedly informed two co-workers that he blacked out on August 17, 1993. Plaintiff testified that he did not report the incident to any supervisor at Carolina Tire Company. Mr. Pittman, the store manager and plaintiff's supervisor on August 17, 1993, testified that plaintiff did not report any injury on August 17, 1993, or anytime thereafter. Mr. Pittman stated that the first notice he received of plaintiff's alleged heat exhaustion was one week prior to the April 24, 2001 hearing in this matter. No co-worker testified at the hearing on behalf of plaintiff.
7. Plaintiff completed and signed a Form 33 Request for Hearing on December 5, 2000, which he filed with the Industrial Commission immediately thereafter. On January 2, 2001, plaintiff completed and signed a Form 18 Notice of Accident to employer, which the Industrial Commission received on January 3, 2001. These were the first documents filed by plaintiff with the North Carolina Industrial Commission related to his alleged injury by accident of August 17, 1993.
 ***********
Based upon the findings of facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to file a claim within two years of August 17, 1993, his alleged date of injury. Plaintiff's Form 18 was signed on January 2, 2001, and plaintiff's Form 33 was signed and dated December 5, 2000. Both forms were filed with the Industrial Commission over five (5) years after the two (2) years jurisdictional period; therefore, plaintiff's claim is barred by N.C.G.S. § 97-24 due to untimely filing. N.C.G.S. § 97-24.
 ***********
Based on the foregoing findings of facts and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for disability benefits and medical compensation is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of February 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER